UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Student Doe 1,<br><br>                  Plaintiff,<br><br>  v.<br><br>Kristi Noem et. al.,<br><br>                  Defendant. | CASE NO. 2:25-cv-00663<br><br>ORDER ON SECOND MOTION FOR CLARIFICATION (DKT. NO. 29) |

Defendants seek clarification of this Court's order at Docket No. 26. (Dkt. No. 29.) Specifically, Defendants ask whether it is sufficient to produce "an *official* from Immigration and Custom Enforcement (ICE) who is able to provide information responding to the Court's questions about the SEVIS Broadcast Message dated April 26, 2025" at the May 7 hearing and subsequent hearings, or whether that person must be "*agency counsel*." (Dkt. No. 29 at 1–2, quoting Dkt. No. 26.) Defendants state they are prepared to produce an "ICE operations official" at the May 7 hearing and subsequent hearings who "will be prepared to address the Court's questions on the agency's understanding of the April 26 Broadcast message" and this person will

ORDER ON SECOND MOTION FOR CLARIFICATION (DKT. NO. 29) - 1

be "most responsive to the Court's directive." (*Id.* at 2.)  Defendants suggest that questioning agency counsel could exceed the Court's authority, stating that "[q]uestioning an ICE operations official on how ICE interpets [sic] the Broadcast Message and its implications in this case would be on firmer footing than an effort to probe the legal decision making of the agency though testimony by agency counsel." (*Id.*) (quoting *Morgan v. United States*, 304 U.S. 1, 18 (1938) ("It is 'not the function of the court to probe the mental processes of the Secretary in reaching his conclusions.'")).  The Court does not seek to probe the "mental process" of Defendants.  Rather, the Court seeks to understand the Defendants' position as to what the Broadcast Message means in relation to the pending claims and the authority upon which the Broadcast Message is premised.

Defendants are required to produce the person(s) who is able to answer the Court's questions about the meaning of the Broadcast Message and its potential application to the present litigation, including identifying the legal authorities that support the positions taken in the Message.  If the "ICE operations official" Defendants have identified is competent to answer these inquiries then attendance of that person is sufficient, but if not then Defendants must produce someone who is.

Dated this 6th day of May, 2025.

David G. Estudillo
United States District Judge