UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Student Doe 1,<br><br>                Plaintiff,<br><br>   v.<br><br>Kristi Noem et. al.,<br><br>               Defendant. | CASE NO. 2:25-cv-00663<br><br>ORDER GRANTING MOTIONS FOR LEAVE TO PROCEED UNDER PSEUDONYM (DKT. NOS. 11, 22.) |

## I    INTRODUCTION

Before the Court are motions for Plaintiffs Doe #1, Doe #2, Doe #3, and Doe #4 to proceed under pseudonyms and for protective orders in consolidated cases. (Dkt. Nos. 11, 22.)[1]

---

[1] This case was originally filed on three different dockets: 2:25-cv-00663-DGE (Doe #1); 2:25-cv-00680-DGE (Does #2 & #3); 2:25-cv-00708-DGE (Doe #4). The Court entered a stipulated order to consolidate the cases, with docket 25-cv-0663 serving as the lead case. For Does # 2 and # 3, the motion to proceed under pseudonym and its supporting documentation was filed before the consolidation order on the 25-cv-0680 docket at ECF No. 13. The motions for the other two Does are on the 25-cv-0663 docket. For sake of ease and readability, in this Order, the Court will cite to the motion and declaration for Does #2 & #3 on docket 25-cv-0680 using the citation style (Does #2 & #3 Dkt. No. 13 at xx-xx.) All other docket citations in this Order refer to the 25-cv-0663 docket.

These cases arise in the context of a national wave of terminations of F-1 nonimmigrant status records in the Student and Exchange Visitor Information System ("SEVIS"). This Court, like many others, granted Temporary Restraining Orders ("TRO's") requiring the reinstatement of each of the Does' SEVIS records. Since that time, the Doe Plaintiffs and Defendants entered into a stipulated agreement negating the need for Preliminary Injunctions. (Dkt. No. 35.) In this Order, the Court only considers the issue of whether Does 1 through 4 may remain pseudonymous during this litigation.

District courts enjoy substantial discretion to grant or deny a motion to proceed pseudonymously, though that discretion is channeled through a multi-factor analysis. In this case, Does 2 and 3 have made a particularly strong showing of the need to remain pseudonymous because they are a same-sex couple that does not want to be outed. Does 1 and 4 have more generalized concerns about anti-immigrant retaliation they could be subject to if their identities were revealed. In a prior order in a closely related case, this Court found that fears of anti-immigrant retaliation were sufficient to justify remaining pseudonymous, and the Court will apply that reasoning again here. *See Doe v. Noem*, No. 2:25-CV-00633-DGE, 2025 WL 1295664 (W.D. Wash. May 5, 2025). As in that case, Defendants will not be prejudiced by the Doe Plaintiffs remaining publicly pseudonymous because privately their identities have already been disclosed to Defendants, and the public at large will be no worse off since the Court's legal analysis is public. Therefore, and preferring to err on the side of protecting privacy interests, the Court will grant the motion as to all four Doe Plaintiffs.

## II    BACKGROUND

The Court provides an overview of the facts of each Doe's case, and the reasons each Doe gives for wanting to remain pseudonymous:

Student Doe #1:

- Doe #1 is from India, entered the United States on an F-1 visa in 2022, and graduated with a master's degree in mechanical engineering from the University of Washington ("UW"). (Dkt. No. 11-1 at 1.) Doe #1 applied to participate in the Optional Practical Training ("OPT") program following his graduation and is doing AI research at UW. (*Id.*)

- Doe #1 wishes to remain pseudonymous because "I fear media scrutiny and unwanted attention will be placed on my family back home and on me." (*Id.* at 1–2.) He worries that "not only will many people here know about my situation, but this news will travel to India as well, and my family and I may face shame and other kinds of attacks." (*Id.* at 2.) Further, he expresses that "I am also afraid of repercussions because I am challenging the government's action here, and fear social judgment and potential damage to my reputation and future job and educational prospects." (*Id.*)

- Doe #1 has a misdemeanor conviction for a non-alcohol related driving charge. (Dkt. No. 11 at 3.)

Student Does #2 & #3:

- Does #2 and #3 are Chinese nationals who live in Redmond, Washington. (*See* Does #2 & #3 Dkt. Nos. 13-1 at 1; 13-2 at 1.) They are a same-sex couple. (Does #2 & #3 Dkt. Nos. 13 at 3.)

- Doe #2 graduated in December 2022 with a master's degree in finance from the University of Illinois Urbana-Champaign and subsequently started approved work through the OPT program. (Does #2 & #3 Dkt. No. 13-1 at 1.)

- Doe #3 graduated from the University of Illinois Urbana-Champaign with a master's degree in electrical and computer engineering and subsequently continued in a PhD program at the same university. (Does #2 & #3 Dkt. No. 13-2 at 2.) She had also been working a job at Meta. (*Id.* at 1–2.)

- Both Does #2 & #3 were arrested in Los Angeles, California on suspicion of battery on September 21, 2024, but neither were charged. (*Id.* at 2.) Neither have any other criminal history, and both remain in a committed relationship. (Does #2 & #3 Dkt. Nos. 13-1 at 2; 13-2 at 2.)

- Both fear professional and reputational harms if their identities are revealed, reaching family home in China. (*See id.*) Doe #3 explains, "I am particularly afraid that it could be revealed that I am in a same-sex relationship, something that is highly stigmatized in my home country." (Does #2 & #3 Dkt. No. 13-2 at 3.)

Student Doe #4:

- Doe #4 is a national of China who resides in Seattle and is an undergraduate at the UW. (Dkt. No. 22-1 at 1.) She was admitted into the United States on an F-1 visa in 2022 and again in 2024. (*Id.*)

- After Doe #4's SEVIS record was terminated she was fired from a campus job, and her fear of apprehension by ICE was so intense that she did not leave home, even forgoing treatment for a painful dental condition. (*Id.* at 4.)

- In May 2024, Doe #4 was "cited in connection with an incident at a Sephora store." (*Id.* at 3.) However, "[t]his matter did not result in a conviction and

ORDER GRANTING MOTIONS FOR LEAVE TO PROCEED UNDER PSEUDONYM (DKT. NOS. 11, 22.) - 4

- was instead resolved civilly through a compromise of a misdemeanor in August 2024." (*Id.*)
- Like the other Does, Doe #4 wants to remain pseudonymous because she fears stigma and negative media attention will reach her and her family home in China, that she will be subject to reprisal for challenging government action in court, and that the scrutiny will diminish future job and educational prospects. (Dkt. No. 22-1 at 4.)

Defendants filed one responsive brief to the collective Does' motions. (Dkt. No. 31.) They argue that Plaintiffs have failed to demonstrate any exceptional circumstances, and that their declarations set forth generalized fears in "nearly identical language." (*See id.* at 2.) These declarations "fail to explain how these fears are imminent or reasonable or even particularized to each Plaintiffs [sic]." (*Id.*) Plaintiffs' fears of removal do not support their motions because Plaintiffs' identities are already known to Defendants. (*Id.*) As to Plaintiffs' motion for a protective order, Defendants argue that the public's interest in access to records outweighs Plaintiffs' interests. (*Id.* at 3.)

Plaintiffs filed a reply brief in which they challenge the notion that their fears are not imminent or particularized, citing a news article "discussing the complaints of Students Doe #1-#3 in detail." (Dkt. No. 40 at 1.) As to Plaintiffs' fear of anti-immigrant retaliation, Plaintiffs argue that "Defendant Noem's own rhetoric has contributed to this dangerous political climate." (*Id.* at 2 n.2.) Plaintiffs adapt the reasoning of this Court's order in *Doe*, noting that there will be no harm to Defendants if the order is granted because Defendants know their identities, and no harm to the public because the Court's legal analysis is public. (*Id.* at 3.)

**A. Legal Standard**

The default rule in civil litigation, embodied in Federal Rule of Civil Procedure 10(a) is that "[t]he title of the complaint must name all the parties." Nonetheless, in the Ninth Circuit, "we allow parties to use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–1068 (9th Cir. 2000) (quoting *United States v. Doe,* 655 F.2d 920, 922 n. 1 (9th Cir. 1981)). The decision to grant or deny permission to proceed anonymously is committed to the district court's discretion. *Id.* at 1068. In utilizing that discretion, district courts must consider five factors:

1. Severity of the threatened harm;
2. Reasonableness of the anonymous party's fears;
3. Anonymous party's vulnerability to retaliation;
4. Prejudice to the opposing party; and
5. The public interest.

*See id.* In this analysis, severity of the threatened harm and reasonableness of Plaintiff's fears are the most important and may be analyzed together. *See Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1043 (9th Cir. 2010) (*Kamehameha*). Accordingly, the Court proceeds to apply those factors.

**B. Application**

    1. <u>Severity of the threatened harm</u>

The Court starts by identifying *what harm* is relevant to the instant motion. *Id.* at 1043 ("First, the district court must identify the harm that the plaintiffs fear."). As to Does #2 & #3 there is a very distinct, severe harm that easily supports their desire to remain pseudonymous: the

desire not to be outed as a same-sex couple. Indeed, *Advanced Textile Corp* expressly cites the desire not to be outed as properly supporting anonymity. 214 F.3d at 1068.

For Does #1 and #4, the severe harm would be the potential of harassment resulting from media attention, especially online. As Does point out, their cases and that of other students have already received media attention. (Dkt. No. 40 at 1.) The Court cannot know *ex ante* how severe any harassment would be if Plaintiffs' names were revealed, but the Court need not—and will not—expose Plaintiff to a social experiment to find out. *Cf. Advanced Textile Corp.*, 214 F.3d at 1071 (9th Cir. 2000) ("plaintiffs are not required to prove that the defendants intend to carry out the threatened retaliation."). As discussed *infra*, in the current political environment, Plaintiff's fear of severe online or public harassment if he were named as the Plaintiff in a high-profile immigration case is not unreasonable.

2. <u>Reasonableness of Plaintiffs' Fears</u>

Plaintiffs' fears are not unreasonable. Though the Court is limited to the record before it, the Ninth Circuit has specifically instructed district courts to consider social context when evaluating the reasonableness of a plaintiff's fears. *Kamehameha*, 596 F.3d at 1044 ("[t]o judge the reasonableness of the plaintiffs' fears, we must consider the surrounding context and other listeners' reactions to the threats."). Here, there is a real possibility that Plaintiffs—all immigrants with criminal histories—could be the subject of online harassment, intimidation, and/or doxing[2] if his identity was revealed.

Other Courts considering anonymity for students facing F-1 nonimmigrant status revocations in recent weeks have reached similar conclusions. As one court put it, "Plaintiff has

---

[2] Dox means "to publicly identify or publish private information about (someone) especially as a form of punishment or revenge." Miriam Webster, *Dox* (last visited May 1, 2025) https://www.merriam-webster.com/dictionary/dox.

provided evidence regarding surging hate crimes, anti-immigrant messaging from the White House and DHS," and that and other fears justify anonymity. *Doe v. Noem*, No. 2:25-CV-01103-DAD-AC, 2025 WL 1134977, at *2 (E.D. Cal. Apr. 17, 2025). Numerous other courts have likewise granted motions to proceed under a pseudonym in these cases. *See Doe #1 v. Noem*, No. 25-CV-317-WMC, 2025 WL 1207190 (W.D. Wis. Apr. 25, 2025); *Arizona Student Doe #1 v. Trump*, No. CV-25-00174-TUC-JGZ, 2025 WL 1192826, at *3–4 (D. Ariz. Apr. 24, 2025); *SD Student Doe #1 v. Noem*, No. 25-CV-926-RSH-BLM, 2025 WL 1194080, at *7–8 (S.D. Cal. Apr. 24, 2025); *W. B., v. Noem, et al.*, No. 25-CV-03407-EMC, 2025 WL 1180296, at *1 n.1 (N.D. Cal. Apr. 23, 2025); *Doe v. Noem*, No. 3:25-CV-00023, 2025 WL 1161386, at *1 n.1 (W.D. Va. Apr. 21, 2025); *Student Doe No. 1 v. Noem*, No. CV 25-1962, 2025 WL 1224783, at *1 n.1 (E.D. Pa. Apr. 28, 2025).

In the current social context, there are countless individuals who oppose immigration generally, direct their attention to "criminal aliens" specifically, and pose a real risk of harassing Plaintiffs. That risk is especially acute online, and the Ninth Circuit has highlighted online threats as a justification for anonymity. *Kamehameha*, 596 F.3d at 1044 ("In context, the threats on the internet become much more frightening."). As noted in this Court's last order, the White House recently placed a row of poster-sized "mugshot-style" photos of noncitizens with criminal histories on its front lawn, an act intended to draw negative media attention to these individuals. *Doe*, 2025 WL 1295664, at *3. Viewed in this light, Plaintiff's fears of harassment are not unreasonable.

### 3. Plaintiffs' Vulnerability to Retaliation

Plaintiffs are vulnerable to retaliation, to a modest degree. They are noncitizens who have already been through a public ordeal, having their student visa records terminated, their

careers and futures in this country placed in jeopardy, and their cases profiled in the media. They do have the assistance of able counsel, and now have the protection of a stipulated order against removal. (Dkt. No. 35.) But were these Plaintiffs subject to harassment and reprisal after being identified, it could impair their ability to continue pursuing this litigation.

### 4. Prejudice to Defendants

Critically, the Court finds that Defendants will suffer no prejudice if Plaintiffs are not named. They acknowledge that they already know Plaintiffs' identities. (Dkt. No. 31 at 2.) Other courts considering F-1 student cases have similarly found no prejudice to defendants where the student's identity is known. *Arizona Student Doe #1*, 2025 WL 1192826, at *4 ("Plaintiff has already provided Defendants with identifying information to allow Defendants to investigate and defend this lawsuit, and thus, they will suffer no prejudice."). Here, Defendants have nothing to gain if Plaintiffs identities are revealed, whereas Plaintiffs have much to lose, and that weighs heavily in the Court's analysis.

### 5. Public Interest

The public interest in open judicial proceedings is paramount, but it is not impaired by Plaintiffs' continuing anonymity. As noted *supra*, the docket in this case remains unsealed, and the pertinent legal analysis is available for public consumption and discussion. The only detail not known to the public is Plaintiffs' names, but that would add little value to the public discourse. As the Ninth Circuit observed, "we fail to see[] how disguising plaintiffs' identities will obstruct public scrutiny of the important issues in this case." *Advanced Textile Corp.*, 214 F.3d at 1072.

Moreover, courts have held that public interest in disclosure of a plaintiff's identity is lessened when the government is the defendant. *John Does 1–5 v. McCrory*, No. 1:13-cv-711,

2014 WL 29352, at *2 (M.D.N.C. Jan. 3, 2014) (citing *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)).  The rationale is that "the filing of an action challenging the constitutional validity of government activity generally involves no injury to the Government's reputation, while an action against a private party can result in damage to the defendant's reputation as well as economic harm."  *Doe v. Merten*, 219 F.R.D. 387, 394 (E.D. Va. 2004) (cleaned up).  This Court agrees and finds that "Plaintiff[s'] need for anonymity outweighs any prejudice to Defendants and the public interest in knowing Plaintiff[s'] identity."  *Arizona Student Doe #1*, 2025 WL 1192826, at *4.

### III    CONCLUSION

For the foregoing reasons, the balance of factors weighs in favor of anonymity, and the Motions to Proceed Under Pseudonym are GRANTED.  The Court ORDERS that:

1. In all public filings, including pleadings, motions, and exhibits, the parties shall refer to Plaintiffs only as Doe #1, Doe #2, Doe #3, and Doe #4 (or "Student Doe #1" etc.), respectively, and shall redact Plaintiffs' names and personal identifying information; and

2. Defendants shall refrain from disclosing Plaintiffs' real name and personal identifying information to any third party or in the public record, except as required to carry out their official duties or as otherwise ordered by the Court, and only under seal if filed with the Court.

Dated this 19th day of May, 2025.

David G. Estudillo
United States District Judge